[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13847
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 8, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01526-CV-ORL-28DAB

JERRI L. DUNN,
an individual,

                                             Plaintiff-Appellant,

versus

HARRIS CORPORATION,
a foreign corporation,
FIDELITY EMPLOYER SERVICES COMPANY LLC,
a foreign corporation,

                                             Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 8, 2009)

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

This case arose after an employee of Harris Corporation (Harris), Buddy Cox, died on March 25, 2005. At the time of Buddy's death, Fidelity Employer Services Company, LLC (Fidelity) had two beneficiary designation forms in Buddy's file. One designated Buddy's son, Dr. Thomas G. Cox, as the sole beneficiary and another listed as beneficiaries one of Buddy's daughters, Sharon L. Taylor, and Buddy's former girlfriend, Jerri L. Dunn. The latter form was received by Fidelity more than ten years after the form naming Dr. Cox as the beneficiary, but it was not signed or dated.

Dr. Cox and Dunn each claimed they were entitled to the 401(k) plan funds. After Harris's Employee Benefits Committee determined Dr. Cox was the sole beneficiary, Harris filed an interpleader action against Dr. Cox, Dunn, and Taylor to determine the proper beneficiary, pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(3). The district court granted Harris's motion to be dismissed from that action and denied Dunn's repeated requests to re-add Harris as a party, so Dunn filed the instant suit against Harris and Fidelity. Dunn also brought her action pursuant to § 1132, alleging the second beneficiary designation form should be given effect or, alternatively, the defendants breached their fiduciary duty when they received the defective form and failed to notify Buddy or take corrective action.

2

The district court ruled on both cases the same day. In the first case, the court held Dr. Cox was the proper beneficiary. In the instant case, the court granted the defendants' motions to dismiss, concluding Dunn could not state a cause of action against Harris or Fidelity because (1) the enforcement mechanisms of ERISA do not allow for the relief Dunn sought, and (2) Dunn was procedurally barred because her claim was a compulsory counterclaim that should have been brought in the first case. Dunn appealed both cases and they were initially consolidated. On July 24, 2009, we summarily affirmed the district court's judgment in the first case because Dunn failed to present any arguments for overturning that judgment. Now, with her claim 401(k) plan benefits abandoned, we conclude Dunn has no statutory standing to proceed with this appeal.

"Section 1132 is essentially a standing provision [that] sets forth those parties who may bring civil actions under ERISA and specifies the types of actions each of those parties may pursue." *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520, 1524 (11th Cir. 1987). The only parties authorized to bring a lawsuit under § 1132 are participants, beneficiaries, fiduciaries, or the Secretary of Labor. ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). "Standing represents a jurisdictional requirement which

3

remains open to review at all stages of the litigation." *Nat'l Org. For Women, Inc. v. Scheidler*, 114 S. Ct. 798, 802 (1994).

The only basis for Dunn to have standing to sue Harris and Fidelity in this case is if she is deemed a beneficiary. Dr. Cox has already been determined to be the proper beneficiary of Buddy's 401(k) plan, and that determination has been affirmed by this Court. In light of that judgment, Dunn cannot become entitled to the 401(k) plan benefits, so she is not a beneficiary or potential beneficiary who has standing to bring a claim under § 1132. *See Arnold*, 809 F.2d at 1524. Dunn does not have standing, so we dismiss this appeal.[1]

**DISMISSED.**

---

[1] We do not address whether Dunn had standing to pursue her claims in district court. *See Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353 (11th Cir. 2003) ("Litigants must establish their standing not only to bring claims, but also to appeal judgments.").